UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| 3210 GRACE STREET PROPERTY LLC,<br>*Plaintiff*,<br><br>v.<br><br>HARTFORD UNDERWRITERS<br>INSURANCE COMPANY,<br>*Defendant*. | No. 1:24-cv-01402-MSN-LRV |

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss Counts II and III of Plaintiff's Complaint. ECF 5. This case involves an insurance property coverage dispute following a fire at Plaintiff 3210 Grace Street Property LLC's property. Upon consideration of the pleadings and for the reasons set forth below, the Court will **GRANT** Defendant's Motion.

### I.  BACKGROUND[1]

Plaintiff 3210 Grace Street Property LLC leased a portion of its property to Spero, LLC d/b/a "Reverie" who operated a commercial restaurant ("the Restaurant") until it was destroyed by a fire on August 12, 2022. ECF 1-2 ("Compl.") at ¶¶ 1-2, 14, 52. Hartford Insurance Company ("Hartford") had insured Plaintiff's property interest, which included the Restaurant, against losses sustained by fire. *Id.* at ¶¶ 40-41, 53. Plaintiff also separately contracted with ServPro of Georgetown ("ServPro") for "emergency services, demolition and environmental conditions following the fire." ¶¶ 11, 74.

---

[1] The Court assumes the truth of Plaintiff's factual allegations and draws all reasonable factual inferences in Plaintiff's favor for purposes of this motion. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002).

After the fire occurred, Plaintiff made a timely claim with Hartford. *Id.* at ¶ 54. But Plaintiff alleges that Hartford acted in bad faith by "refus[ing] to pay for the entire loss." *Id.* at ¶¶ 55-56. Accordingly, Plaintiff brings a breach of contract claim against Hartford (Count I). *Id.* at ¶¶ 65-72. Plaintiff also alleges that Hartford intentionally interfered with Plaintiff's contract with ServPro (Count II). *Id.* at ¶¶ 73-87. ServPro initially billed Plaintiff $411,103.44 for its emergency services, but later reduced its bill to $315,519.17. *Id.* at ¶¶ 76, 82. Plaintiff claims that this change was "a direct and proximate result of Hartford's interference with the relationship between Plaintiff and Servpro" and that Plaintiff has been damaged because there is now a remaining balance of $151,001.64 owed to ServPro because of Hartford's actions. *Id.* at ¶¶ 82, 85. Plaintiff also contends that it has a right to an appraisal under the policy and seeks declaratory relief (Count III). *Id.* at ¶¶ 88-91. Lastly, Plaintiff seeks attorneys' fees "pursuant to Va. Code§ 38.2-209 and or pursuant to the law of the District of Columbia which permits an award of attorneys' fees [against] an insurer who acts in bad faith in adjusting a loss." *Id.* at ¶ 12.

Defendant moves to dismiss Counts II and III of Complaint's complaint, as well as Plaintiff's claim for attorneys' fees and extra-contractual damages. *See* ECF 5.

## II.   LEGAL STANDARD

### A.   12(b)(6)

This Court must grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) when a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails under Rule 12(b)(6) if it does not contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences in favor of the plaintiff."

*E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citation omitted). But the Court need not credit conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009).

**B.     12(b)(1)**

This Court must grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) when a complaint lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A party moving to dismiss under 12(b)(1) may argue either "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based," or that "the jurisdictional allegations of the complaint were not true." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A plaintiff bears the burden of establishing a jurisdictional basis for their claims. *Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009).

**III.     ANALYSIS**

**A.     Tort-Claim Barred by Economic Loss Doctrine**

This Court finds that Plaintiff has failed to state a claim for intentional interference with contractual relations because Plaintiff's tort claim is barred by the economic loss doctrine.[2] Under the economic loss doctrine, "a plaintiff who suffers only pecuniary injury as a result of the conduct of another cannot recover those losses in tort." *Aguilar v. RP MRP Washington Harbour, LLC*, 98 A.3d 979, 982 (D.C. 2014).[3] Accordingly, any tort claim associated with a breach of contract must allege "an independent injury over and above the mere disappointment of plaintiff's hope to receive

---

[2] It is also not entirely clear what damage Plaintiff has alleged resulting from Hartford's alleged interference, because Plaintiff does explain how ServPro's reduced invoice increases their liability. But the Court need not reach the question of damages because the Court has found that Plaintiff has failed to state a claim.

[3] The parties do not dispute, nor does this Court disagree, that the law of the District of Columbia governs Plaintiff's tort and contract claims. *See* ECF 6 at 6; ECF 10 at 1.

[her] contracted for benefit." *Choharis v. State Farm Fire & Cas. Co.*, 961 A.2d 1080, 1089 (D.C. 2008).

Here, Plaintiff's allegations fail to establish an "independent injury" separate from any potential damages it could recover under its breach of contract theory. *See Choharis*, 961 A.2d at 1089, n. 2 ("[A]n insured [who] alleges that the insurance company was negligent in the handling of a claim does not … [establish] a separate cause of action sounding in tort for negligence, but rather … the insured may recover damages therefor under a breach of contract theory."). Both Plaintiff's contract-based claim and tort-based claim are based on its allegations as to Hartford's potential liability under the policy. As Defendants' astutely note:

> After Grace Street litigates its breach of contract claim, one of two alternatives will be true; either, 1) Servpro was correct in revising its invoice, in which case Hartford did not breach its contract with Grace Street by refusing to pay more than the revised invoice; or 2) Servpro was wrong in revising its invoice, in which case there are additional compensable damages available to Grace Street in its breach of contract action. Either way, liability for Grace Street's alleged tort flows entirely from a determination as to the extent of Grace Street's rights under its Policy with Hartford.

ECF 6 at 9. In other words, Plaintiff's "breach of contract [claim] would reach . . . the damages suffered by the tort." *Choharis*, 961 A.2d at 1089. This Court therefore finds that Plaintiff has failed to state an independent claim for intentional interference with contractual relations.

      **B.**    **No Jurisdiction over Plaintiff's Claim for Declaratory Judgment**

This Court finds that it lacks jurisdiction to consider Plaintiff's claim for declaratory judgment. Federal courts only have jurisdiction over "cases" and "controversies." U.S. CONST. art. III, § 2, cl. 1. Accordingly, a federal court may only consider a declaratory judgment when:

> (1) the complaint alleges an "actual controversy" between the parties "of sufficient immediacy and reality to warrant issuance of a declaratory judgment;" (2) the court possesses an independent basis for jurisdiction over the parties (e.g., federal question or diversity jurisdiction); and (3) the court does not abuse its discretion in its exercise of jurisdiction.

4

*Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004) (citations omitted).

Here, Plaintiff has failed to allege an "actual controversy" because Plaintiff admits that it "cannot enforce [its] right [to an appraisal] at this time." Compl. at ¶ 90. Plaintiff is therefore asking this court to consider the hypothetical availability of such relief, which this Court lacks jurisdiction to do. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 240 (1937) ("A justiciable controversy is … distinguished from a difference or dispute of a hypothetical or abstract character."). A declaratory judgment is therefore not a "proper vehicle for protecting and preserving that right to appraise," ECF 10 at 5, because such a judgment would force this Court to render an impermissible advisory opinion.

### C.   No Valid Claim for Attorneys' Fees and Extra-Contractual Damages

This Court also dismisses Plaintiff's claims for attorneys' fees and extra-contractual damages. Plaintiff appears to base its claim for attorneys' fees and extra-contractual damages on its allegations of bad faith. *See* Compl. at ¶ 12. But "[t]he District of Columbia does not recognize an independent tort for bad faith breach of an insurance contract." *See, e.g.*, *Thorpe v. Banner Life Insurance Company*, 632 F. Supp. 2d 8, 19 (D.D.C. 2009).[4] Nor does the District of Columbia permit the recovery of attorneys' fees and extra-contractual damages in breach of contract claims. *See, e.g., Am. Registry of Pathology*, 401 F. Supp. 2d 75, 78 (D.C. 2005) ("Plaintiff is confined to interest as the only recovery for the breach in excess of actual loss" (internal quotation and citation omitted). Accordingly, Plaintiff has failed to state a claim for such damages.

---

[4] Plaintiff cites Virginia's fee-shifting statute, *see* Compl. at ¶ 12; however, D.C. substantive law applies to this case, *see supra* n.3, and accordingly Virginia's statute is inapplicable.

**IV.     CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (ECF 5) is **GRANTED**; and it is further

**ORDERED** that Counts II and III of Plaintiff's Complaint (ECF 1-2) are **DISMISSED**; and it is further

**ORDERED** that Plaintiff's claims for attorneys' fees and extra-contractual damages are **DISMISSED**.

It is **SO ORDERED.**

/s/<br>
Michael S. Nachmanoff<br>
United States District Judge

October 15, 2024
Alexandria, Virginia